# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PRISCILLA AMO KUFFOUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:18CV579 |
| ) | |
| KIRSTJEN M. NIELSEN, Secretary, ) | |
| U.S. Department of Homeland Security, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PRIVACY ACT PROTECTIVE ORDER

The parties having entered into a stipulation regarding the exchange of information during discovery that is protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, the Court enters the following Order for good cause shown:

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a (b)(11), Defendants are authorized to release to counsel for Plaintiff, and the Court in this case, documents related to this matter, which contain identifying information of Plaintiff, and where appropriate and allowable by law, third parties, without obtaining prior written consent of the Plaintiff and/or third parties whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The documents, including the disclosure of information regarding third parties necessary for the litigation of this case, will be provided for review by the parties (or their counsel) in strict confidence. Right of access to this material shall be limited to the parties, counsel for the parties, expert witnesses in their employ, and paralegals and any other person

1

mutually authorized by all counsel to examine such materials. Any person having access to this material shall be informed that it is confidential and subject to a non-disclosure order by this Court.

2. If any documents are filed with the Court in connection with motions or other matters in this case, the parties will protect identifying information and other private information in compliance with Federal Rule of Civil Procedure 5.2 and any applicable Local Rules.

3. Any motion to file documents under seal will be made in compliance with the standards set in the Local Rules of the Middle District of North Carolina.

4. All copies of documents produced shall be destroyed or returned to the attorney representing the party providing the documents within sixty days of the conclusion of all district court and appellate proceedings, with the exception that any documents a party has obtained independently of this litigation need not be destroyed or returned. Once the material is destroyed, counsel shall notify the opposing party's attorney.

5. In the event that any material subject to this order is used in any court proceeding, it shall not lose its protected status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use, including complying with Federal Rule of Civil Procedure 5.2 and any applicable Local Rules.

6. To facilitate further exchanges of any documents that may be necessary for this litigation, the parties may, by letter between counsel, agree to designate other documents or material as being subject to this Order.

7.  This Order is entered without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

8.  Agreement to this Privacy Act Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents and nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or material.

9.  This Order shall be effective and enforceable upon its signature by counsel and by the Court. The Order protects any materials that have been previously produced in anticipation of entry of this Order.

_____
Joe L. Webster
United States Magistrate Judge

November 6, 2019